UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MARK DAVID BAILEY,            )
                              )
        Petitioner,         )    Case No. 1:09-cv-460
                              )
v.                            )    Honorable Paul L. Maloney
                              )
BLAINE C. LAFLER,             )
                              )
        Respondent.        )
_____)

**REPORT AND RECOMMENDATION ON
PETITIONER'S MOTION FOR LEAVE TO AMEND
AND FOR A STAY OF PROCEEDINGS**

      This is a habeas corpus action brought by a state prisoner, through retained counsel, pursuant to 28 U.S.C. § 2254. Petitioner is serving a nonparolable life sentence, after a Mecosta County jury convicted him of the first-degree murder of Mary Pine. Although the murder occurred in 1989, petitioner's trial and conviction took place in July 2005. Counsel began this habeas corpus action by petition filed on May 19, 2009, after unsuccessful appeals to the Michigan Court of Appeals and Supreme Court.

      Presently pending before the court is petitioner's motion for leave to amend his habeas corpus petition to add a claim under *Brady v. Maryland*, 373 U.S. 83 (1963), arising from the alleged withholding by prosecutors of exculpatory evidence. Petitioner acknowledges that the *Brady* claim was not presented to the state courts on direct appeal. Petitioner therefore requests that the court stay this habeas corpus proceeding to allow petitioner an opportunity to exhaust the *Brady*

claim in the state trial and appellate courts, under the procedure authorized by the Supreme Court in *Rhines v. Weber*, 544 U.S. 269 (2005). Respondent has filed a brief in opposition to the motion, arguing that the *Brady* claim is plainly meritless. Upon review of the record, I conclude that petitioner should be allowed to amend the petition to assert an unexhausted *Brady* claim, that petitioner has good cause for failure to raise the claim in the past, and that the claim is not plainly meritless. I therefore recommend that petitioner's motion for leave to amend be granted and that this matter be stayed to allow exhaustion of remedies in the state courts.

### A. <u>Procedural History</u>

This habeas corpus action arises from the homicide of Mary Pine, a 79-year-old woman who was found murdered in her home on February 15, 1989. The murder remained unsolved for over sixteen years, until Mecosta County authorities charged petitioner, Mark David Bailey, with the open murder of Mary Pine by criminal complaint dated September 20, 2004. The cold case investigation was revitalized after authorities received information from petitioner's former cell mate, Robert Thompson, that petitioner had told Thompson that he had committed the murder and provided him with numerous details. Petitioner was tried in the Mecosta County Circuit Court, and a jury found him guilty of first-degree murder on July 29, 2005. The court sentenced petitioner to a mandatory, nonparolable life sentence.

Petitioner appealed as of right to the Michigan Court of Appeals, raising five claims. Relevant to the issue now pending before this court, petitioner's appellate brief alleged a violation of his due process right to present a defense arising from the trial judge's exclusion of evidence relating to the murder of Stella Lintenmuth in 1980. (Appellant's Brief, claim IV). The Lintenmuth

murder, which also occurred in Big Rapids, Michigan, was alleged to have featured numerous similarities to the murder of Mary Pine. Because petitioner was only 10-years-old at the time of the Lintenmuth murder, his trial counsel argued that he could not have been the perpetrator of the Lintenmuth killing and that evidence of his innocence of this earlier killing tended to be exculpatory with regard to the Pine murder. Both the Michigan State Police and the FBI had studied these cold cases and had expressed the conclusion that the murders were likely perpetrated by the same person. (*See* Petition, Appendices Q & R). The trial court, however, excluded evidence concerning the Lintenmuth murder without comment.

On direct appeal, petitioner's counsel argued that the exclusion of evidence concerning the Lintenmuth murder violated petitioner's right to present a defense, relying on *Holmes v. South Carolina*, 574 U.S. 319 (2006). The Michigan Court of Appeals rejected this contention, remarking that the evidence of innocence was "indirect." Conceding that petitioner's contention was "arguable on some level," the appellate court found no abuse of discretion, remarking that a "reasonable and principled decision would include one that finds nothing more than the creation of mere suspicion, a conjectural inference, excessive remoteness, or an inadequate connection." (Op. at 9). On February 19, 2008, the Michigan Supreme Court denied leave to appeal.

While petitioner's direct appeal was pending, the Mecosta County prosecutor initiated criminal charges against Scott Elwood Graham, charging him with the 1980 murder of Stella Lintenmuth. The proceedings were initiated in June of 2007, and Graham was extradited to the State of Michigan to face charges sometime during the year 2008.

Petitioner's counsel initiated the present habeas corpus action on May 19, 2009, raising only those claims exhausted in state direct appellate review. After respondent filed his

answer and the Rule 5 materials, petitioner's counsel moved pursuant to Habeas Rule 6(a) for an order granting discovery. Petitioner's motion sought production of the criminal file in the Graham prosecution, including police reports, photographs, and laboratory analysis. By order entered April 8, 2010 (docket # 33), this court granted the discovery motion in part. The court found that only documents existing at the time of petitioner's trial in July 2005 would be relevant to his claim of constitutional error arising from the exclusion of evidence. Obviously, evidence that was discovered only after petitioner's trial could not have been the subject of a preclusion order. The court directed respondent to produce for inspection and copying all documents in the files of the Mecosta County prosecutor or the investigating police agencies in or before July 2005 regarding the homicide of Stella Lintenmuth.

Respondent's production of materials in response to the court's order uncovered records that were allegedly withheld from petitioner's counsel at the time of trial. Among these were a laboratory report from the Michigan State Police dated March 15, 1989. This documents reflects that the Mecosta County prosecutor sent petitioner's fingerprints for examination to determine whether they matched fingerprints left at the scene at the Lintenmuth homicide. The laboratory report showed that the latent prints from the Lintenmuth homicide did not belong to petitioner. Petitioner's counsel now argues that the withheld fingerprint report significantly bolsters his claim of a constitutional violation arising from exclusion of evidence of the Lintenmuth murder. In essence, petitioner argues that separate reports from the State Police and the FBI concluded that the two murders were likely perpetrated by the same person and that, at the time of prosecution, petitioner had been positively excluded as the Lintenmuth killer. Furthermore, counsel points to the prosecution's briefs submitted on direct appeal, which invited the appellate courts to speculate that

petitioner was indeed responsible for the Lintenmuth murder, even though prosecutors (but not defense counsel) knew that petitioner had been excluded as the perpetrator.

On the basis of the foregoing facts, petitioner now seeks leave to amend his petition to allege a *Brady* claim and an order staying the present proceedings, so that petitioner can exhaust state-court remedies. Respondent opposes the motion on the ground that the amendment would be futile.

## Discussion

### A. Amendment of Petition

Petitioner seeks leave to amend his petition to allege a claim under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, arising from the prosecution's withholding of evidence exonerating petitioner from guilt for the Lintenmuth murder. Petitioner argues that in the circumstances of this case, evidence tending to show that he was innocent of the Lintenmuth murder would have been exculpatory in petitioner's prosecution for the death of Mary Pine, in light of the FBI's opinion that "one offender is most likely responsible for both crimes." (Petition, Ex. R, at 4). Because the *Brady* claim is not contained in the original petition, petitioner seeks leave to amend to assert this claim.

An application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Rule 15 of the Federal Rules of Civil Procedure governs amendment of pleadings. Under Rule 15, after an answer has been filed, a party may amend only with the opposing party's written consent or leave of court. FED. R. CIV. P. 15(a)(2). The rule provides that the court should "freely give leave when justice so

requires." *Id.* Leave to amend in a habeas case should be granted in the absence of a good reason to the contrary, such as undue delay in filing, lack of notice to the opposing party, bad faith, or futility. *See Coe v. Bell*, 161 F.3d 320, 341-42 (6th Cir. 1998); *accord Wiedbrauk v. Lavigne*, 174 F. App'x 993, 1001-02 (6th Cir. 2006).

In the Sixth Circuit, leave to amend a pleading may be denied on grounds of futility only if the amended pleading would not withstand a motion to dismiss. *See Demings v. Nationwide Life Ins. Co.*, 593 F.3d 486, 490 (6th Cir. 2010); *Kottmyer v. Maas*, 436 F.3d 684, 691-92 (6th Cir. 2006). The test, therefore, is whether the amended pleading, with all factual allegations accepted as true, states a claim for relief, not whether the claim is factually supportable or would be sufficient to withstand substantive review. *See Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420-21 (6th Cir. 2000). Judged by this standard, the proposed amended petition states a plausible claim for relief under *Brady* and its progeny. In *Brady*, 373 U.S. 83, and *United States v. Bagley*, 473 U.S. 667 (1985), the Supreme Court held that "suppression by the prosecution of evidence favorable to an accused . . . violates due process where the evidence is material, either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87. The Court has held that "[t]here are three components of a true *Brady* violation: [t]he evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999); *see also Kyles v. Whitley*, 514 U.S. 419, 433 (1995). Prejudice and materiality are established by showing that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Strickler*, 527 U.S. at 281 (quoting *Bagley*, 473 U.S. at 682); *see also Cone*

*v. Bell*, ___ U.S. ___, 129 S. Ct. 1769, 1783 (2009). A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Bagley*, 473 U.S. at 682.

Petitioner has met his burden of showing a plausible *Brady* violation at the pleading stage. Given the admitted similarities in the two murders, as found by the FBI, the fingerprint evidence in the Lintenmuth case was arguably favorable to petitioner. The state does not deny that the evidence was not produced to the defense at the time of trial. And it is at least arguable that the exculpatory fingerprint evidence, in conjunction with the FBI and State Police reports, would have induced a reasonable doubt in the mind of at least one juror. Therefore, amending the petition to assert a *Brady* claim cannot be deemed futile.

Respondent's objection to petitioner's motion to amend goes well beyond challenging the facial validity of petitioner's *Brady* claim. Rather, respondent analyzes the issue in light of the ruling of the Michigan Court of Appeals rejecting petitioner's related claim that he was deprived of his right to present a defense. Invoking the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), respondent points out that the *Brady* claim may form the basis of habeas corpus relief only if the state-court adjudication resulted in a decision that was contrary to or involved an unreasonable application of clearly established federal law. 18 U.S.C. § 2254(d)(1). Arguing by inference, respondent asserts that the state appellate courts would have rejected petitioner's *Brady* claim, because they rejected his related due-process claim, and that this presumed rejection is entitled to deference under AEDPA.

Respondent's argument stretches the futility analysis beyond all recognition. The issue at this point is whether the proposed amended pleading, with all factual allegations accepted as true, states a claim for relief, not whether that claim will ultimately withstand plenary analysis.

The state appellate courts have never faced petitioner's *Brady* claim, so there is no decision to which this court must defer under AEDPA. Petitioner has met the rather low standard for amendment of pleadings under Rule 15(a). I therefore recommend that the motion to amend be granted, as petitioner's *Brady* claim cannot be deemed futile at this stage of the litigation.

    **B.    Stay and Abatement**

    Amendment of the petition to assert a *Brady* claim would create a "mixed petition," that is, a petition that presents both exhausted and unexhausted habeas corpus claims. Under *Rose v. Lundy*, 455 U.S. 509 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to the state courts to exhaust remedies. After the habeas corpus statute was amended to impose a one-year statute of limitations on habeas claims, 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This became particularly apparent after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the one-year limitations period is not tolled during the pendency of a federal habeas petition. To prevent loss of habeas claims, the Sixth Circuit adopted a stay and abeyance procedure to be applied to mixed petitions. In *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the court held that when dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings pending petitioner's exhaustion of his state-court remedies. In the subsequent case of *Rhines v. Webber*, 544 U.S. 269 (2005), the Supreme Court approved the stay and abeyance procedure that the federal circuit courts, including the Sixth Circuit, had adopted in the wake of *Duncan v. Walker*. In *Rhines*, the Court recognized the district court's discretion to stay a mixed

petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust and if petitioner's unexhausted claims are not "plainly meritless." 544 U.S. at 277-78.

The present case falls within the category of cases contemplated by the Sixth Circuit in *Palmer*. The one-year statute of limitations has now expired, so dismissal of this case without prejudice to allow exhaustion would effectively preclude petitioner from returning to federal court on any claim after exhausting state remedies. Under *Rhines*, this court should stay proceedings if petitioner can show good cause for his failure to raise it sooner and that the claim is not plainly meritless. 544 U.S. at 277-78.

Respondent does not argue that petitioner lacks good cause for his failure to raise the *Brady* claim on direct appeal. It is uncontested that petitioner's trial counsel served a broad request upon the prosecutor for all exculpatory evidence. It is further undisputed that petitioner first became aware of the existence of the fingerprint report years later, only as a result of this court's discovery order entered in the present habeas corpus case. Further, respondent concedes that the *Brady* claim is closely connected to petitioner's due-process claim, such that the new claim relates back to the timely filing of this habeas corpus action and is not time-barred. *See Mayle v. Felix*, 545 U.S. 644, 650 (2005).

Respondent's only objection to a stay is that the *Brady* claim is "plainly meritless" within the meaning of *Rhines*. This is a variation on respondent's objection to amendment of the petition on grounds of futility. Like the futility claim, an assertion that an unexhausted habeas claim is plainly meritless requires only a facial examination of the unexhausted claim. In *Rhines*, the Supreme Court indicated that a stay should be entered if the unexhausted claims are "potentially

meritorious." 544 U.S. at 278. The *Rhines* Court did not authorize a searching inquiry into the merits of an unexhausted claim at this stage. The only question is whether the proposed new claim is so facially meritless that presenting it to the state courts will be a waste of time. For the same reasons that the *Brady* claim cannot be deemed futile, it cannot be rejected as "plainly meritless."

## Conclusion and Recommended Disposition

I conclude that petitioner has demonstrated good cause for the failure to raise the unexhausted *Brady* claim on direct appeal and that the claim is neither futile nor plainly meritless. I therefore recommend that petitioner's motion for leave to amend his petition (docket # 43) be granted.

I further recommend that this matter be stayed, to allow petitioner an opportunity to exhaust his *Brady* claim in the state courts. The stay should be expressly conditioned on petitioner's filing of a motion for post-judgment relief under Mich. Ct. R. 6.500 in the circuit court within thirty days of the entry of a stay and his filing of a motion to reopen this habeas corpus matter within thirty days after a final decision by the Michigan Supreme Court. Petitioner should be warned that if he fails to comply with the deadlines set forth as conditions of stay, the court may dismiss the entire petition. This action should be administratively closed until such time as petitioner moves to reopen it, after exhausting his *Brady* claims in the state courts.


Dated: September 29, 2010          /s/ Joseph G. Scoville
                                                           United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).