UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MARK DAVID BAILEY #201511,           )<br>       Plaintiff,           )<br>                                                              )<br>-v-                                                        )<br>                                                              )<br>BLAINE C. LAFLER                              )<br>       Respondent.           )<br>_____) | No. 1:09-cv-460<br><br>HONORABLE PAUL L. MALONEY |

## ORDER REGARDING CERTIFICATE OF APPEALABILITY

A district court must issue a certificate of appealability either at the time the petition for writ of habeas corpus is denied or upon the filing of a notice of appeal. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (per curiam).

A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). *See Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003). To satisfy this standard, the petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 483 (2000)). Courts should undertake an individualized determination of each claim presented by the petitioner when considering whether to issue a certificate of appealability. *Murphy v. Ohio*, 551 F.3d 485, 492 (6th Cir. 2009).

Obviously, since the Court sustained Mr. Bailey's objection as to Issue I, the Sixth Circuit Court of Appeals may consider an appeal on that issue filed by the State.

1

The Court finds that the entire record of this case, encompassing the two other issues that Petitioner has preserved, should be analyzed by the Court of Appeals if the State files a notice of appeal. *Slack*, 529 U.S. at 483 (noting a certificate may issue if the issues presented are "adequate to deserve encouragement to proceed further").

At a minimum, the ineffective assistance claim and the 404(b) evidentiary ruling are relevant to Mr. Bailey's meritorious *Brady* claim. More particularly, the questionable (but ultimately, in this Court's view, not unconstitutionally reversible) decisions of the state trial court on Issues II and III are relevant to the question of whether Mr. Bailey "received a fair trial, understood as a trial resulting in a verdict worthy of confidence." *Strickler v. Greene*, 527 U.S. at 290 (quoting *Kyles v. Whitley*, 514 U.S. 419, 435 (1995)). Because a *Brady* claim necessarily looks to the other decisions at trial and the relative strength of the State's case as a whole, a full briefing on Issues II and III will be helpful to the Court of Appeals.

Because reasonable jurists could debate whether Mr. Bailey's claims of error on Issues II and III might be meritorious—particularly in light of the Court's resolution of Issue I and the effect of the suppressed evidence on the entire case—a certificate of appealability is appropriate. Therefore, if the State files a notice of appeal with respect to the Court's issuance of a conditional writ of habeas corpus on Issue I, a Certificate of Appealability as to Issues II and III is **GRANTED**.

**IT IS SO ORDERED**.

Date: September 20, 2016         /s/ Paul L. Maloney
                                 Paul L. Maloney
                                 United States District Judge